ADAM ROSS HAMER
1827 W. Sunset Blvd. Apt. 1
Los Angeles, CA 90026
(213) 359-4545
ahamertime@gmail.com
Plaintiff In Pro Per

FILED
2026 MAY 15 PM 7:50
CENTRAL DISTRICT
LOS ANGELES
BY: _____

PAID
May 15
5 2026
CLERK, U.S. DISTRICT COURT
COURT 4612
AP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Ross Hamer,<br>v.<br>UNITED STATES OF AMERICA;<br>DEFENSE INTELLIGENCE AGENCY;<br>CENTRAL INTELLIGENCE AGENCY;<br>OFFICE OF THE DIRECTOR OF NATIONAL<br>INTELLIGENCE;<br>DEPARTMENT OF THE AIR FORCE;<br>DEPARTMENT OF THE ARMY,<br>Defendants. | Case No.: 2:26-CV-05267-DMG-AYP<br><br>COMPLAINT FOR DAMAGES AND<br>INJUNCTIVE RELIEF<br>(28 U.S.C. § 1346(b) - FTCA; 5<br>U.S.C. § 552a - Privacy Act) |

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1346(b), and 5 U.S.C. § 552a(g)(1).

2. Exhaustion of Remedies: Plaintiff has exhausted all administrative remedies. Specifically, the following cases have exceeded the 180-day statutory window for a response, constituting a constructive denial under the "De Novo" standard (DIA suddenly closed this case and the CIA issued replies after constructive denial under the "De Novo" standard):

- DIA: PA-00153-2025

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

(DIA suddenly closed this case and the CIA issued replies after constructive denial under the "De Novo" standard) :

- DIA: PA-00153-2025
- CIA: P-2025-01184, P-2025-01168 (backdated), P-2026-00205
- USAF: AF 2025-07726-F (never received at all after 6 months)
- INSCOM: Privacy Act constructive denial under the "De Novo" standard (never received anything or the case number(s) after 6 months). Issued FTCA denial, Adam Hamer vs. U.S.A. FTCA (TORT) 26-C01-T014, demonstrating exhaustion of remedies and Defendants' reply.

## II. STATEMENT OF THE "CROSS-AGENCY MOSAIC" & MISCONDUCT

1. The Misconduct: Plaintiff alleges severe battery, torture, indigenous persons war crimes, non-consensual medical experimentation (brain surgery/irradiation), behavior modification, behavioral steering, human trafficking and childhood sexual abuse occurring within Special Access Programs and Unacknowledged Special Access Programs (SAPs/USAPs), as detailed in DIA Case No. PA-00153-2025, PA-00018-2026, PA-00060-2026, PA-00058-2026, PA-00059-2026, PA-00069-2026, PA-00067-2026, PA-00066-2026, PA-00068-2026, and ODNI: DP-2026-00037, USAF: AF 2025-07726-F ,CIA: P-2025-01184, P-2025-01168, P-2026-00205, INSCOM: case numbers unknown. Additional government agencies provided concerning replies, many of which directed the plaintiff to file with a different agency. Plaintiff alleges cross agency cover up has occurred in a concerted effort to avoid accountability.

2. The Admission by "Unusual Circumstances": Defendant DIA invoked "unusual circumstances" for the aforementioned cases. Under 32 C.F.R. § 286.7, this is a formal admission that responsive records were located but are being "Locked" rather than released. Under 32 C.F.R. § 286.7, this is a legal admission that

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

records regarding Plaintiff's Brain Surgery (PA-00066-2026) and Abuse as a Minor (PA-00069-2026) exist. DIA formally invoked "unusual circumstances", admitting it had to "search for and collect records from field facilities" on multiple privacy act filings. To cite "unusual circumstances" the agency must have searched for and identified records that are "voluminous" or require "consultation with another agency". This is prima facie evidence of the files' existence.  Defendant DIA citations of "unusual circumstances" and subsequent closures are formal admission that records proving Plaintiff nexus to SAP/USAP exist, yet the agency has willfully refused to produce them. Closing the cases without release is a fraudulent concealment of evidence intended to prevent the court from adjudicating the FTCA tort and Privacy Act case violations and bad faith handling.

3. The Bad-Faith Cover-Up: Defendants have engaged in a coordinated "mosaic" of procedural closures and invocation of assorted exemptions such as (b)(1), (k)(1) to shield the United States from FTCA liability for criminal acts. Citation of person specific records in the privacy act replies ((b)(1),(k)(1)) in this context proves Plaintiff nexus to non consensual, and tortious USAP/SAP. These Privacy Act exemptions and others are "void as applied" when used to cover evidence of criminal acts.

4. Bad Faith Closure: The DIA's subsequent closure of these files after plaintiff requested in camera review and appropriate remedial care provided without the further sending of emotionally and psychologically damaging info directly — constitutes fraudulent concealment intended to obstruct Plaintiff's FTCA claims, constitutional rights, and basic human rights causing immense health harms to Plaintiff. DIA's abrupt closure of Plaintiff's amendment/redaction request constituted a constructive final refusal to amend or correct the record. Plaintiff noted this to the agency, and their refusal to issue the requested redacted files or process the request further with redaction

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

constitutes full administrative exhaustion. The harms rise to the level of Torture or Cruel, Inhuman, or Degrading Treatment.

5. Plaintiff alleges that the records identified in all Defendant Privacy Act filings of nexus to the case were intentionally migrated to shadow databases managed by Defendant and contractors to distance the United States from the physical evidence of non-consensual medical battery. Under 5 U.S.C. § 552a(m)(1), these contractor-held records remain under Agency control, and their closure constitutes a fraudulent suppression of evidence triggering the Crime-Fraud Exception.

### III. COUNT I: PRIVACY ACT VIOLATIONS (5 U.S.C. § 552a)

1. Failure to Provide Access: Defendants have willfully withheld records proving Plaintiff's physical and psychological injuries. (5 U.S.C. § 552a(g)(1)(B))

2. Intentional and Willful Misconduct: The DIA's sudden closure of case citing, "Any and all records pertinent to my persons and research or sap projects which are related during the years of 1988-1997" (PA-00153-2025) after 180+ days is a reckless disregard for Plaintiff's rights, intended to obstruct justice and a legal admittance of Plaintiff nexus to non consensual behavior modification and bio experimentation SAP/USAP via constructive denial. For Case PA-00069-2026 (trafficking/abuse proof) and PA-00066-2026 (non consensual brain surgery, these records are Medical Quality Assurance Records (10 U.S.C. § 1102) and Patient Records. Plaintiff argues the CIA/DIA and sister agencies/contractors working as agents of the state on SAP/USAP cannot use "Operational File" exemptions to withhold proof of physical battery and surgery. Defendants have "Locally Locked" records to exploit Plaintiff's medical vulnerability. The Defendants' actions were intentional and willful, causing Plaintiff to suffer

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

-4

actual damages, including severe mental and emotional distress and physical neurological degradation.

3. Damages: Plaintiff seeks statutory damages per violation and actual damages for the psychological harm caused by the intentional withholding of medical and personal history. Plaintiff seeks actual damages for emotional distress and punitive damages for the "willful" tampering with records related to SAP/USAP bio testing and behavioral modification.

4. Retaliatory Administrative Action: The decision to close files after Plaintiff requested In Camera review due to Mental Health Harm (5 U.S.C. § 552a(g)(4)) was a reckless disregard for Plaintiff's safety, intended to inflict further psychological distress and end the investigation.

5. Failure to maintain accurate records (5 U.S.C. § 552a(e)(5)). Defendants failed to accurately record Plaintiff's status as a non-consensual test subject, resulting in the denial of necessary medical treatment for injuries sustained. This cross agency stance is in direct contradiction to Defendants' own cross agency mosaic of Privacy Act case replies which directly acknowledges the existence of such responsive files establishing nexus between Plaintiff and nonconsensual SAP/USAP, and battery. Plaintiff moves for an Amendment of Records to reflect the reality of the misconduct. Plaintiff seeks $1000 per violation for "intentional and willful" misconduct under 5 U.S.C. § 552a(g)(4).

6. Willful Record Tampering and Concealment (5 U.S.C. § 552a(g)(1)(C). Defendants intentionally and willfully tampered with system of records by tagging Plaintiff's medical files with (b)(1),(k)(1) and other exemption designations designed to prevent meaningful legal oversight and administrative access.

7. Proof of Record Tampering: Defendants have willfully tampered with records by maintaining "shadow databases" (PA-00068-2026) that bypass standard FOIA/PA protocols. Defendant has engaged in a pattern of intentionally misclassifying

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

neurosurgical and related SAP logs as "National Security" to hide evidence of federal battery and child abuse.

8. The government cannot "neither confirm nor deny" records that identify or are linked (see existing legal mosaic) to a U.S. person when those records involve non-consensual physical modification.

9. Pursuant to 32 C.F.R. § 1700.7 and 5 U.S.C. § 552a: all adverse determinations regarding Plaintiff Privacy Act filings, including but not limited to those concerning unauthorized neurosurgery and irradiation at federal enclaves or other contractor sites, and battery of Plaintiff as child are factually insupportable and legally invalid pursuant to 32 C.F.R. § 1700.7 and 5 U.S.C. § 552a.

10. Nexus of Secrecy- Willful Concealment & Joint Agency Cover (5 U.S.C. § 552a). Nexus: The ODNI, CIA, and DIA have established a "nexus of secrecy" by failing to act in good faith regarding the Privacy Act and Plaintiff history.

11. Mosaic Denial. Plaintiff argues that the agencies are using "Cross-Agency Laundering" of records. If Agency A (ODNI) sends a record to Agency B (CIA), they both use different (k) and (j) exemptions to create a loop where neither has to produce the file. Plaintiff requests a Consolidated Discovery Order. Plaintiff asks the judge to treat all defendant agencies as a single "Enterprise" under the FTCA and Privacy Act for the purposes of production.

12. Bad Faith Glomar: ODNI willfully sustained a (k)(1) Glomar status despite the ICIG issuing of the criminal case number 774-CO to the Plaintiff. See ODNI DP-2026-00037.

13. (b)(1) & (k)(1): Classified National Security Info. Defendant is claiming the mere existence of the detail in the file would damage national security. Plaintiff cites Executive Order 13526, Section 1.7. It explicitly states: "In no case shall information be classified... to conceal violations of law, inefficiency, or administrative error [or] prevent embarrassment to a person,

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

- 6

organization, or agency." FTCA claim alleges federal misconduct (non-consensual harms), the (b)(1) and (k)(1) stamps are a violation of Executive Order and are being used in and proof of cross agency collusion and Bad Faith.

14. CIA (j)(1): General Exemption for CIA/Intel Records. This allows agencies to exempt entire systems of records from the Privacy Act's access and amendment provisions. Even a (j)(1) exemption does not protect an agency from a Constitutional Tort or a Violation of Law. Plaintiff argues that the (j)(1) exemption is "Overbroad as Applied." If the records contain proof of a tort (as admitted in cross agency mosaic), the (j)(1) exemption cannot be used to obstruct the Court's jurisdiction over an FTCA claim.

15. Legal Note: The Morley Standard: Morley v. CIA, 508 F.3d 1108 (D.C. Cir. 2007). The Court held that the agency has the burden to provide a "reasonably detailed explanation" for its withholdings. Plaintiff demands that the agency provide a "Segmentability Analysis" in camera. They cannot withhold an entire 50-page document just because one sentence is classified. They must release the files for in camera review that prove the tort.

16. "Agency Control" of Contractors. Under 5 U.S.C. § 552a(m)(1), any system of records operated by a contractor on behalf of an agency is legally an agency system. The Admission: The DIA's 180-day delay and citations of "unusual circumstances" (which requires consultation with other entities) confirms they were actively accessing records that may now reside in contractor held mission integration platforms. Contractors on SAP/USAP are the literal extensions of the government agencies. Since the DIA admitted "unusual circumstances" before closing Plaintiff files, they have legally signaled that Plaintiff records have been processed or consulted within these contractor-run systems.

17. Agency Systems - 5 U.S.C. § 552a(m)(1): The Rule: When an agency provides by contract for the operation of a system of records to accomplish an agency function, the agency shall cause the requirements of the Privacy Act to be

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

applied to such system. Plaintiff cites that contractor systems of records and or mission integration platforms are legally "Agency Systems". Plaintiff Declares that any "closure" based on the records being in a contractor's "shadow database" is a willful violation of § 552a(m). Plaintiff demands an itemized list of what was "found" for in camera review before the cases were closed. Spoliation Sanctions: If defendants say the files "disappeared", Plaintiff preemptively invokes Adverse Inference—requesting the judge assume the missing surgery records prove Plaintiff Plaintiff's case.

18. Contractor Shield: Plaintiff reminds the court that per 31 CFR § 1.20, Privacy Act requirements apply to contractor employees just like federal employees. Agency Control: Under 5 U.S.C. § 552a(m), the Privacy Act applies to federal contractors who operate systems of records on behalf of an agency.

19. Segmentability Analysis: Even if the SAP cloud is "classified" (k1), the agency must segregate and release factual data about Plaintiff physical body (medical procedures) in camera that does not reveal "intelligence sources and methods".

20. Severability of Claims and Independent Statutory Review: Plaintiff explicitly pleads the Privacy Act claims as independent and severable causes of action from the FTCA claims. In the event this Court determines that any aspect of the tortious allegations invokes non-justiciable national security frameworks or sovereign immunity exceptions, Plaintiff respectfully requests that the Court sever the claims. The Court maintains an independent, statutory mandate under 5 U.S.C. § 552a(g)(3)(A) to conduct a de novo and in camera review of the withheld agency records to determine the propriety of the Exemption (k)(1) and (b)(1) classifications, separate and apart from any tort liability.

**IV. COUNT II: FEDERAL TORT CLAIMS ACT (28 U.S.C. § 1346(b))**

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

1. Federal employees and contractors (DIA PA-00066-2026, PA-00059-2026, ODNI DP-2026-00037) via "shadow databases" (DIA PA-00068-2026, PA-00018-2026, PA-00058-2026) acting within the scope of their employment committed battery, medical malpractice, and intentional infliction of emotional distress. Nexus to Plaintiff clearly and factually established in Privacy Act case replies across agency regarding Defendant and additional, expansive legal mosaic.

2. Federal employees, acting within their scope, committed non consensual recruitment for behavior modification, human trafficking, child sexual abuse and non consensual biotesting and modification purposes. Plaintiff was recruited into SAP/USAP non consensually through the elementary school GATE program in Tucson, AZ. Plaintiff was repeatedly pulled out of school and class to meet with federal agents who were carrying out the SAP/USAP side of the research which is detailed in the withheld privacy act files as well as independent evidence, medical, physical and more. Direct proof of multiple torts including childhood sexual abuse committed by the Defendant against Plaintiff as a child, is contained in DIA 00069-2026 and is prima facie legal evidence of tort by DIA own citation of "unusual circumstances". This filing reply also corroborates specific details provided to the FBI regarding criminal case investigation 774-CO event details as pertains to the systematic abuse of the Plaintiff as child under false pretenses of national security/defense.

3. Evidence in Withheld Files: The proof of these torts is contained within the records Defendants have admitted to possessing via their "unusual circumstances" declarations and additional exemption invocations across privacy act cases, legal mosaic as well as criminal investigations across agency (774-CO / ICIG, DOJ).

4. DFARS 252.235-7004: Human subjects. Data which is contained in locked files demonstrates defendants' willful violation of DFARS 252.235-7004 in regards to Plaintiff's rights. The violation: systemic ethical failure and "Willful

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

- 9

Misconduct" regarding DFARS 252.235-7004 (human subjects). Defendants' willfull violations of mandatory reporting for any and all "Legacy r&d" that lacked an Institutional Review Board (IRB) approval number in the SAP/USAP project master data is an egregious misuse of national security and abuse of power.

5. Crime-Fraud Trigger: Plaintiff cites Zolin standard. The fact that the DIA closed the cases after identifying "unusual circumstances" is prima facie evidence of an intentional cover-up.

6. June 18, 1991, the Federal Register published the "Common Rule" (56 CFR 28004): a final rule for the protection of human subjects. This rule demonstrates that Defendants willingly violated this law to utilize Plaintiff as a test subject without proper IRB oversight in direct violation of the law and proper procedure.

7. Plaintiff neural data theft. See DIA PA PA-00066-2026 and DIA PA-00060-2026, DIA PA-00059-2026 and more. This establishes both the factual existence of Plaintiff neural data theft by named parties as well as factual proof of nonconsensual irradiation of Plaintiff brain under false pretenses of national security. This is a violation of Plaintiff's Genetic Identity Rights and amounts to the unauthorized replication of a sentient being's unique genetic and quantum data.

8. Behavioral Modification: DIA Privacy Act filings on "Neuromodulation", "Behavioral steering" (citation DIA 00069-2026) includes prima facie evidence of tort by their citation of "unusual circumstances" and sudden subsequent bad faith closure.

9. Violations of Jus Cogens (fundamental international law) and the Nuremberg Code. Per Executive Order 123333 and the Common Rule, Informed consent is legally required for human experimentation by any federal agency or contractor working for or in conjunction with any federal agency or subsidiary, shell or the like. Plaintiff established legal nexus to SAP/USAP was and remains non

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

consensual. As such, the SAP/USAP secrecy is being used to shield multiple violations of Jus Cogens (fundamental international law) and the Nuremberg Code.

10. The "Bad Men" Treaty Clause. Plaintiff, is a federally enrolled member of the Native American Muscogee tribe. Plaintiff cites the 1868 Fort Laramie Treaty, which contains "Bad Men" clauses. If "bad men" among the government (federal agents) commit a wrong against a tribal member, the U.S. is contractually obligated to arrest the offenders and reimburse the victim. Plaintiff argues that the non consensual SAP/USAP biotesting is a Treaty Violation. Treaties are the "Supreme Law of the Land" under the Constitution. A mere evidentiary rule like "State Secrets" cannot legally override a ratified Treaty.

11. Breach of Fiduciary Trust. In Cobell v. Salazar, the courts proved the government is a "faithless trustee" regarding Native assets. Plaintiff argues that by experimenting on a tribal member, the government didn't just break a law—they breached the Sacred Trust.

12. Violation of the "Common Rule" (45 CFR 46). Federal law strictly prohibits human subject research without informed consent. SAP/USAP ignored the Common Rule, the program is legally "Ultra Vires" (acting beyond its authority). Secrets used to cover up unauthorized acts are not protected by the State Secrets Privilege.

13. The Legal Mosaic. The government has waived their privilege to withhold Plaintiff records on nexus. As the existing legal mosaic via Privacy Act coordinated delays, exemptions, and invocations of "unusual circumstances" pierce the plausible deniability and combined with criminal reports, investigations (774-CO), independent Plaintiff recall (documented in DIA Privacy Act filings under oath (PA-00153-2025), medical records and presented audits combine to form an irrefutable legal mosaic establishing Plaintiff nexus to nonconsensual SAP/USAP bio tampering, testing, battery and more. By

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

admitting enough information to identify Plaintiff involvement in SAP/USAP, the government can no longer claim that the fact of Plaintiff involvement is state secret.

## V. INVOCATION OF CRIME-FRAUD EXCEPTION

1. Plaintiff moves the Court to strip all claims of "National Security Privilege" or "Operational File Exemptions" under the Crime-Fraud Exception.

2. Prima Facie Showing: The underlying acts—unauthorized brain surgery and trafficking and abuse of a minor and adult—are criminal. The use of Privacy Act "closures" to conceal these crimes constitutes a fraud upon the Court.

3. In Camera Review: Pursuant to United States v. Zolin, 491 U.S. 554 (1989), Plaintiff requests the Court review the "unusual circumstances" files in chambers to verify what was withheld and if any relevant files were sunsetted, destroyed, mislabeled, or miscoded.

4. The Tort: Non-consensual neuro-surgery and trafficking/sexual abuse, battery and mental health harms of plaintiff as a minor conducted via Intel Community/ military intel and contractors acting as agents of the United States under false auspices of national security and black ops research. This research on Plaintiff, was longitudinal and harms continued and are documented and on record, into present. An immediate request for injunction on any future harms as related to existing or ongoing SAP study of Plaintiff is made to the court.

5. Crime-Fraud Invocation: Per United States v. Zolin, 491 U.S. 554 (1989), Plaintiff moves to strip "National Security" secrecy. The snipped Privacy Act replies were made in furtherance of concealing a felony (tort), triggering the exception. Additionally, the exemptions cited by sister agencies demonstrate intent to obfuscate the files which the agencies are admitting exist and are classified. This is an improper misuse of classification which attempts to hide

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

evidence of federal crimes and thus the Crime-fraud Exception is invoked. Plaintiff states that because the agencies' Privacy Act (PA) replies admit the files exist but were withheld under (b)(1)/(k)(1) and other exemptions, the agencies are actively coordinating and using these exemptions as a cloak for the non-consensual harms detailed in Plaintiff FTCA claim.

6. Prima Facie Evidence: The ICIG Case 774-CO and the FBI report (3/19/2026) provide the requisite showing of a criminal investigation that the DIA's "closures" and sister agencies classification exemptions are attempting to shield.

7. Defendants' refusal to provide the VIN for Case No. 774-CO and the 3/19/2026 FBI report is a 'bad faith' administrative action taken with the specific intent to conceal a felony (tort) from judicial review, thereby triggering the Crime-Fraud Exception as defined in United States v. Zolin.

8. Ref: Bad-Faith Litigation. Plaintiff argues that the very act of conducting bad-faith litigation—i.e., using secret exemptions to prevent a court from seeing evidence of a crime—constitutes a fraud on the court. Federal courts have the inherent power to sanction bad-faith conduct. This includes triggering the crime-fraud exception to reveal both the existence of the fraud and the efforts to conceal it. Case Ref: Plaintiff cites United States v. Zolin, 491 U.S. 554 (1989), to demand an in camera review. This allows the judge to privately inspect the "secret" (b)(1)/(k)(1).

9. Constructive Possession: Plaintiff argues that the DIA and sister agencies have "constructive possession" of any record contractors generate while performing agency functions. If the agency delegated the "Brain Surgery" or "Behavioral Modification" program to a contractor, they cannot use that delegation to evade the FTCA or Privacy Act.

10. Plaintiff, a private citizen, has never signed a non-disclosure agreement or security clearance contract regarding these events. Plaintiff testimony is

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

based entirely on firsthand personal experience and observations and existing legal mosaic and personally held evidence including but not limited to medical history. To the extent the Government has labeled these events as '(k)(1) Classified,' Plaintiff alleges that such classification is an illegal attempt to conceal criminal misconduct and human rights violations, in direct violation of Executive Order 13526, Sec. 1.7.

11. Plaintiff is under a state of extreme psychological distress due to the Defendants' willful and intentional withholding of medical and victim status records acknowledged to exist (privacy act filings, replies, and 774-CO) as well as direct harms suffered as a direct result of SAP/USAP and including but not limited to specialized lab specific harms (acknowledged directly by multiple agency nexus replies and DIA directly when invoking "unusual circumstances").

**PRAYER FOR RELIEF**

Plaintiff requests:

a. An Order to Reopen and Compel all closed DIA, ODNI, USAF, INSCOM and CIA cases for In Camera Review;

b. An In Camera Review of all records related to brain surgery and SAP/USAP and all reopened Privacy Act case files. Plaintiff requests that this Court mandate the production of unaltered electronic metadata;

c. A Vaughn Index for all withheld or redacted documents;

d. Compensatory and Statutory Damages for the physical and mental injuries sustained. Full compensatory and statutory damages for willful administrative misconduct. The amount to be determined by the judge but not to exceed $15,000,000 which is a conservative estimate of Plaintiff damages sustained over extended period of longitudinal study/ testing and misconduct. Plaintiff requests that the court amend

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

and release all "off-book" medical dossiers to the judge for in camera review. Award compensatory and economic damages against Defendant United States of America under the FTCA for the severe personal and psychological injuries caused by the non-consensual biological testing;

e. Adequate, appropriate, comprehensive and specialized medical care tailored to the specific harms caused by SAP and non consensual biotesting/ experimentation and non consensual research participation, including but not limited to unauthorized and illegal surgery on the neural and biophysical form of Plaintiff as a minor;

f. Injunctive Relief: For a permanent injunction ordering all agencies with nexus to Plaintiff to cease all harmful actions via SAP/USAP under 5 U.S.C. § 552a. Plaintiff requests the judge mandate the defendant maintain accurate records regarding Plaintiff regarding SAP/USAP and related nexus;

g. Plaintiff seeks $1000 per violation for "intentional and willful" misconduct under 5 U.S.C. § 552a(g)(4). Plaintiff seeks statutory damages per violation and actual damages for the psychological harm caused by the intentional withholding of medical and personal history. Plaintiff seeks actual damages for emotional distress related to SAP/USAP non consensual bio testing and behavioral modification;

f. Order the Defendants to amend and release all "off book" medical dossiers for in camera review;

g. Cease all bad faith glomar assertions regarding Plaintiff and amend the record accurately and correctly as required

h. Plaintiff moves for an Order to show cause why the (b)(1), (k)(1), and (j)(1) exemptions should not be vacated under E.O. 13526 § 1.7, as said exemptions are being used to facilitate a multi-agency concealment of federal torts and non-consensual civilian harms;

**VERIFICATION**

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**

- 15

I, Adam Hamer, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 15th day of May, 2026

X _____

ADAM HAMER

PLAINTIFF IN PRO PER

**HAMER V. UNITED STATES, ET AL. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (28 U.S.C. § 1346(b) - FTCA; 5 U.S.C. § 552a - Privacy Act)**